IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| ORNETH PATRICK SOUTH, | * | Criminal Action No. RDB-19-0055<br>Civil Action No. RDB-21-3008 |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

On February 6, 2019, Petitioner Orneth Patrick South pled guilty to two counts of Robbery Affecting Interstate Commerce ("Hobbs Act Robbery"), in violation of 18 U.S.C. § 1951(a), each carrying a maximum of 240 months' incarceration. (ECF No. 4.) Pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Court sentenced South to an agreed-upon sentence of 240 months' imprisonment. (*Id.* at 5.)

Presently pending is South's pro se Motion to Vacate under 28 U.S.C. § 2255, filed on November 23, 2021, alleging ineffective assistance of counsel. (ECF No. 16.) In support of the pending motion, Mr. South claims that he explicitly directed his trial attorney, Sedira Banan, to file an appeal immediately after his sentencing, citing concerns regarding the enhancements used to calculate his offense level. Mr. South claims Ms. Banan failed to file the appeal he requested. (*Id.* at 7–8.) The parties' submissions have been reviewed, and the Court conducted an evidentiary hearing on October 26, 2023. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth on the record and those that follow, South's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 16) is DENIED.

## BACKGROUND

The facts of the underlying criminal case were stipulated in Petitioner's plea agreement and are not in dispute. (Plea Ag't, 10–11.) Petitioner's Hobbs Act Robbery charges arise from parallel investigations into two robberies of armored vehicles in Maryland and North Carolina. (*Id.*) On May 3, 2018, Petitioner was indicted alongside two co-defendants for the January 22, 2018, armed robbery of a Loomis armored car carrying $1,324,288.00, in violation of 18 U.S.C. § 1951(a). (*Id.* at 1, 10.) On July 18, 2018, he was indicted in the Western District of North Carolina for the February 9, 2015, armed robbery of a GardaWorld Security Corporation armored car, also in violation of 18 U.S.C. § 1951(a). (*Id.*) Pursuant to Fed. R. Crim. P. 20, Petitioner consented to the transfer of his North Carolina case to the District of Maryland, where it was docketed under criminal case number RDB-19-0055 and consolidated with his pending Maryland case. (Consent to Transfer, ECF No. 1.)

On February 6, 2019, pursuant to Fed. R. Crim. P. 11(c)(1)(C), South pled guilty to Count Two of each indictment, alleging Robbery Affecting Interstate Commerce in violation of 18 U.S.C. § 1951(a), with a statutory maximum of 240 months' incarceration for each count. (Plea Ag't ¶ 1.) On May 8, 2019, this Court sentenced South to an agreed sentence of 240 months' imprisonment on both counts, to run concurrently. (*See generally* Sentencing, ECF No. 11; *see also* Plea Ag't ¶ 9; Statement of Reasons 2, ECF No. 13.) Judgment was issued on May 10, 2019. (Judgment 2, ECF No. 12.)

On November 23, 2021, Petitioner filed the instant *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 16).[1] In his Motion and his subsequent Reply, Petitioner claims

---

[1] South subsequently submitted an affidavit attesting that he originally submitted the instant motion into the prison's mailing system on April 2, 2020, within the statute of limitations. (Pet'r's Aff., ECF No. 19.)

that he asked his attorney to file an appeal on the day of his sentencing, as believed that certain sentence enhancements used to determine an adjusted offense level of 31 were erroneous. (Pet'r's Mot. 7, ECF No. 16; *see also* Pet'r's Reply to Gov't's Resp. 2, ECF No. 26.) He contends that his attorney failed to comply with this request, depriving him of the opportunity to appeal. (Pet'r's Mot. 7.) In its Response, the Government contends that Petitioner's allegation is completely false, and argues that he should be denied relief without an evidentiary hearing. (Gov't's Resp. 5, ECF No. 25.) The record reflects that South signed his memorandum in support of his motion under oath and penalty of perjury, and that the Government adduced an affidavit from South's original attorney in support of its Response. (*See* Pet'r's Mot. 6; Banan Aff., ECF No. 24.)

On February 16, 2023, this Court issued an Order that it would hold an evidentiary hearing to determine whether Mr. South asked Ms. Banan to file an appeal, as this question could not be determined from the filings. (ECF No. 29.) On February 22, 2023, this Court appointed counsel to represent Mr. South under the Criminal Justice Act. (ECF No. 30.) The evidentiary hearing was conducted on October 26, 2023, and testimony was presented by Mr. South and his attorney, the Assistant Federal Public Defender.

**STANDARD OF REVIEW**

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the

maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

**ANALYSIS**

A freestanding ineffective assistance of counsel claim may be properly asserted for the first time in a § 2255 motion. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To establish a 28 U.S.C. § 2255 claim based on a Sixth Amendment claim of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the petitioner to show (1) "that counsel's performance was deficient;" and (2) "that the deficient performance prejudiced the defnese." 466 U.S. at 678; *accord United States v. Rangel*, 781 F.3d 736, 742 (4th Cir. 2015); *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013). The "performance" prong requires the petitioner to show that counsel's performance "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688;

*see also United States v. Roane*, 378 F.3d 382, 404–05 (4th Cir. 2004) (holding that "the standard of reasonableness is highly deferential" (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986))). The "prejudice" prong requires the petitioner to show that counsel's errors deprived him of a fair trial. *Strickland*, 466 U.S. at 687; *accord Mahdi v. Stirling*, 20 F.4th 846, 894 (4th Cir. 2021) (holding that petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (quoting *Strickland*, 466 U.S. at 694)).[2]

Implementing *Strickland*, the Supreme Court has held that an attorney's failure to file a notice of appeal at a client's explicit request constitutes ineffective assistance of counsel regardless of whether the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). However, having heard testimony of Mr. South as well as the testimony of Assistant Federal Public Defender Sedira Banan, the Court makes a finding of fact that Mr. South is not credible. It also makes the specific finding of fact that Mr. South did not meet with Ms. Banan after sentencing and did not advise her to file an appeal. Petitioner therefore has no basis for an ineffective assistance of counsel claim. As such, Petitioner is entitled to no relief under 28 U.S.C. § 2255, and his Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 16) is DENIED.

**CERTIFICATE OF APPEALABILITY DENIED**

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255,

---

[2] A petitioner faces a greater burden to establish prejudice when he alleges ineffective assistance of counsel after signing a plea agreement. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In such a case, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). This Court's factual findings after hearing testimony are not subject to appeal, and reasonable jurists would not find Petitioner's claims debatable. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED this 26th day of October, 2023, that:

1. Petitioner Orneth Patrick South's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 16) is DENIED;

2. A Certificate of Appealability shall not issue and is DENIED;

3. The Clerk of the Court shall send copies of this Memorandum Order to the Petitioner and Counsel of record; and

4. The Clerk of this Court shall CLOSE this case (Civil Action No. RDB-21-3008).

/s/
Richard D. Bennett
United States District Judge